Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
Identification Nos. 59271
P.O. Box 111                                                                       Attorney for Plaintiff
Birchrunville, PA 19421
(610) 915-8351

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE BRUNO | : | CIVIL ACTION |
| | : | NO. |
| | : | |
| v. | : | |
| | : | |
| NORRISTOWN STATE HOSPITAL | : | Jury Trial Demanded |

## COMPLAINT

1. Plaintiff, George Bruno, is a white male residing in the Commonwealth of Pennsylvania at 122 Shasta Road, Plymouth Meeting, PA 17501.

2. Defendant, Norristown State Hospital, is Plaintiff's employer and operates a long-term psychiatric facility located at 1001 Sterigere Street, Norristown, PA 1940. Plaintiff works for Defendant as a barber.

3. The causes of action set forth in this Complaint arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000(e) et seq., the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C §1981*q.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq*.

4. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting in the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6. Defendant hired Mr. Bruno in August of 2019 to work as a barber.

7. On or about November 13, 2004, Mr. Bruno's supervisor, Frank Mensah, a black male, directed him to go work on the psychiatric wing as a unit staff member.

8. Mr. Bruno was never trained to work as a staff member on the psychiatric unit, so he objected to the assignment. He was told to sign out and go home.

9. On the same day, Mr. Bruno reported Mr. Mensa and filed a complaint of age and race discrimination with Defendant's Human Resources Department.

10. Mr. Bruno was told to sign out again on his birthday and again on Employee Appreciation Day, and was then informed that he was being placed on unpaid suspension.

11. Mr. Bruno was returned to work on or about December 2, 2024, but was transferred to the Recreation and Occupational Department.

12. Plaintiff was told that Mr. Mensah had him transferred because he "got him in trouble twice."

13. Mr. Bruno contacted the United States Equal Employment Opportunity Commission ("EEOC") and submitted a written inquiry of race discrimination, age discrimination, and retaliation on March 06, 2025. A formal charge of discrimination was perfected in July of 2025. The charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

14. The EEOC issued a notice of right to sue on August 26, 2025.

**COUNT I – Section 1981**

15. Plaintiff incorporates herein by reference Paragraphs 1 through 14 above as if set forth herein in their entirety.

16. Defendant violated Section 1981 by discriminating against him on the basis of his race and/or retaliating against him for opposing race discrimination.

17. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

**COUNT II – Title VII**

18. Plaintiff incorporates herein by reference paragraphs 1 through 17 above as if set forth herein in their entirety.

19. Defendant's actions violated Title VII.

20. As a direct and proximate result of Defendant's violation of the Title VII, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs. Defendant's actions violated the PHRA.

**COUNT III-PHRA**

21. Plaintiff incorporates herein by reference Paragraphs 1 through 20 above as if set forth herein in their entirety.

22. Defendant discriminated against Plaintiff by his race and/or age, and also retaliated against Plaintiff because he objected to and reported discrimination.

23.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the losses set forth above.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a)     Declaring Defendant's actions to be in violation of Section 1981, Title VII and/or the PHRA;

(b)     Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(c)     Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(d)     Awarding Plaintiff punitive damages and such other damages as are appropriate under Section 1981, Title VII and the PHRA; and,

(e)     Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

/s/ Mark S. Scheffer
Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351